**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| | * |
| **TYNETTA D. JOHNSON,** | |
| | * |
| **Plaintiff,** | |
| | * |
| **v.** | **Case No.: PWG-15-1486** |
| | * |
| **DIVERSIFIED CONSULTANTS, INC.,** | |
| **et al.,** | |
| | * |
| **Defendants.** | |
| | * |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

**MEMORANDUM OPINON AND ORDER**

This Memorandum Opinion addresses the motion for sanctions filed on November 17, 2015, by Defendant NCO Financial Systems, Inc. ("NCO") against Plaintiff Tynetta Johnson for failure to comply with a discovery order.  Def.'s Mot., ECF No. 40.  Johnson had until December 4, 2015, to file an opposition to NCO's motion.  *See* Loc. R. 105.2(a).  She has not done so.  A hearing is unnecessary.  *See* Loc. R. 105.6.  For the reasons stated herein, Defendant's motion for sanctions IS GRANTED IN PART and DENIED IN PART.  Plaintiff's case against NCO IS DISMISSED with prejudice, but Plaintiff's request for an award of attorneys' fees and costs IS DENIED.

## I.    BACKGROUND

NCO states that it served interrogatories and requests for document production on Johnson by e-mail and U.S. mail on July 7, 2015.  *See* Def.'s July 7, 2015, Letter, Def.'s Mot., Ex. A, ECF No. 40-1.  Under Fed. R. Civ. P. 33(b)(2) and 34(b)(2) as well as my Discovery Order, ECF No. 8-1, Johnson had thirty days to respond.  NCO sent Johnson a letter on August

17, 2015, in a "good faith attempt to resolve a discovery dispute," stating that Johnson had not responded to its discovery requests.  *See* Def.'s August 17, 2015, Letter, Def.'s Mot., Ex. B, ECF No. 40-2.

NCO filed a letter on September 24, 2015, asking for a pre-motion conference to request permission to file a motion to compel Johnson to respond to its discovery requests.  *See* ECF No. 33.  I scheduled a pre-motion telephone conference for October 20, 2015.  ECF No. 35.  Johnson did not participate in the conference call, stating that she did not receive the letter order scheduling it.  I rescheduled the conference call for November 2, 2015.  ECF No. 37.  In our November 2, 2015 conference call, NCO stated that Johnson had still not yet responded to its discovery requests.  In a letter order memorializing the conference call, I ordered that

> By no later than Monday, November 9, 2015, Plaintiff shall file complete and responsive Fed. R. Civ. P. 33 and 34 responses to discovery requests by Defendant NCO Financial Systems, Inc.  Plaintiff shall provide these discovery responses to all other counsel by email.  If Plaintiff fails to provide her responses by this deadline, I will permit Defendant NCO Financial Systems, Inc., to file a motion for sanctions.  If warranted, sanctions may include dismissal of Plaintiff's claims.

November 2, 2015, Letter Order, ECF No. 38.

NCO asserts that on November 9, 2015, Johnson provided only incomplete responses to its discovery request.  *See* Def.'s Mot. ¶ 10.  Specifically, NCO states that she failed to respond to interrogatories 5, 6, and 10 or any requests for document production.  *Id.*  NCO also states that she failed to respond completely to interrogatories 2 and 3.  In addition, Johnson failed to send these discovery responses to all Defendants, as I previously ordered.  November 2, 2015, Letter Order.

Replying to Johnson's discovery response email, NCO alerted Johnson of her incomplete responses in a November 10, 2015, email.  *See* Def.'s November 10, 2015, Email, Def.'s Mot., Ex. D, ECF No. 40-4.  The parties had previously agreed to use email for discovery.  *See* November 2, 2015, Letter Order.  Instead of responding to NCO's discovery responses, Johnson allegedly served additional discovery requests on NCO in a November 13, 2015, email.  *See* Def.'s Mot. ¶ 12.  On November 13, 2015, NCO warned Johnson that it planned to file a motion to compel if she did not respond to the discovery responses by November 16, 2015.  *Id.* ¶ 13; Def.'s November 13, 2015, Email, Def.'s Mot., Ex. E, ECF No. 40-5.  Instead, NCO filed this motion for sanctions, which I had authorized NCO to do.  *See* November 2, 2015, Letter Order.

## II.     DISCUSSION

### A.  Dismissal

District courts have the authority to dismiss cases under Fed. R. Civ. P. 37(b)(2)(A) when a party fails to comply with a discovery order, as well as under Fed. R. Civ. P. 37(d) and 41(b) as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991).  Rule 37(b) provides that the court may "dismiss[] the action or proceeding in whole or in part" if a party "fails to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(A)(v).  Likewise, Rule 37(d) provides that the Court may order sanctions, including dismissal, if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."  Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3).  Further, Fed. R. Civ. P. 41(b) provides that the court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order."

However, "[d]ismissal with prejudice is ordinarily reserved for the most egregious cases." *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998) (citing *Dove v. Codesco*, 569 F.2d 807, 810 (4th Cir. 1978), in which the Court stated that dismissal with prejudice under Rule 41(b) was only for "clear record of delay or contumacious conduct by the plaintiff"). Indeed, "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). To that end, before ordering dismissal under Rule 37(b) or (d), the court applies a four-factor test: "'(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective.'" *Bethesda Softworks LLC v. Interplay Entm't Corp.*, No. DKC-09-2357, 2011 WL 1559308, at *2 (D. Md. Apr. 25, 2011) (quoting *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001)); *see Mut. Fed. Sav & Loan Ass'n*, 872 F.2d at 92.

Prior to dismissal under Rule 41(b), the court must consider four similar factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Review*, 916 F.2d 171, 174 (4th Cir. 1990). "[T]he Court will combine the two tests in determining if dismissal is appropriate under Rules 37(d) and 41(b)" because the legal standards for dismissal under both rules are "'virtually the same.'" *Taylor v. Fresh Fields Markets, Inc.*, No. 94-0055-C, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996) (quoting *Carter v. Univ. of W. Va. Sys.*, 23

F.3d 400, 1994 WL 192031, at *2 (4th Cir. 1994)); *see, e.g.*, *Tabor v. E.J. Patterson, Inc.*, No. Civ. A. 98-2438, 1999 WL 52144 (E.D. La. Jan. 28, 1999) (analyzing facts under Fed. R. Civ. P. Rules 37(d) and 41(b) together and dismissing without prejudice *pro se* plaintiff's claims where plaintiff twice failed to appear for his scheduled deposition).  The Court also considers whether the party facing dismissal or a default judgment is aware of these possible sanctions.  *See Green v. Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C. 1998) (dismissing case with prejudice and noting that the plaintiff had "already been explicitly warned that her continued failure to provide discovery could lead to such a sanction"); *Sadler*, 178 F.R.D. at 59-60 (noting that "district courts must precede dismissal with an 'explicit and clear' threat to a party that failure to meet certain conditions could result in dismissal of the party's case with prejudice").

Here, with regard to the first factor under both tests, Johnson's bad faith or personal responsibility, she failed to provide complete and responsive responses to NCO's discovery requests or to justify her failure to respond even after being ordered by this Court and warned that dismissal of her case against NCO could result.  *See* November 2, 2015, Letter Order. "Failure to respond to interrogatories can merit dismissal or default."  *Green*, 188 F.R.D. at 424 (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976), and *Daye v. Gen. Motors Corp.*, 172 F.R.D. 173, 179 (M.D.N.C. 1997)).  Moreover, noncompliance with discovery orders supports a finding of bad faith.  *Id.*  In *Green*, the plaintiff demonstrated bad faith when she failed to comply with a magistrate judge's "order directing her to respond to [the defendant's] interrogatories and requests for documents."  *Id.*  Similarly, Johnson has demonstrated her bad faith by failing to comply with the November 2, 2015, Letter Order compelling the same, and more broadly by ignoring NCO's follow-up requests for complete responses to its discovery requests.  Instead of taking the time to respond to NCO's requests,

Johnson served additional discovery requests on NCO.  Additionally, she had time to file a motion for clerk's entry of default with respect to another Defendant.  *See* ECF No. 39. Moreover, Johnson has failed to respond in any way to NCO's motion for sanctions.  Plaintiff's conduct in this case demonstrates a "pattern of indifference and disrespect to the authority of the court," *Mut. Fed. Sav & Loan Ass'n*, 872 F.2d at 93, and supports the conclusion that she acted in bad faith.

As noted, the second factor is the prejudice caused Defendant, for which I must consider whether the evidence withheld is material.  *Id.*  Considering that "[t]he purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available," *Middlebrooks v. Sebelius*, Civ. No. PJM 04-2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009), NCO has suffered significant prejudice as a result of Johnson's continued noncompliance with discovery requests.  The evidence sought by NCO's discovery request goes to the heart of her claim, and it cannot be disputed that her failure to answer even a single document request precludes NCO from preparing a defense.  *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 505 (4th Cir. 1998).  NCO first requested discovery on July 7, 2015.  *See* Def.'s Discovery Request, Def.'s Mot., Ex. C, ECF No. 40-3.  NCO made repeated attempts to secure this discovery from Johnson.  She ignored a specific Court Order to provide "complete and responsive" responses to NCO's discovery requests.  *See* November 2, 2015, Letter Order.  Thus, Defendant suffered additional prejudice in the form of added expenses, aggravation, and delay.

With regard to the third factor—Plaintiff's history of dilatoriness or noncompliance and the need to deter such behavior—Johnson has failed to comply with the rules of procedure and Court orders regarding discovery in this case, and she has not indicated a likelihood of

responding to future discovery requests.  Conduct such as "stalling and ignoring direct orders of the court . . . must obviously be deterred."  *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93. Deterring egregious acts of noncompliance should prevent future litigants from "flout[ing] other discovery orders of other District Courts."  *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976).  Johnson's failure to respond to NCO's discovery requests combined with her subsequent willful disregard of a Court order undermines this Court's ability to manage this case effectively and fairly.

As for the last factor, the effectiveness of lesser sanctions than dismissal, Johnson's unresponsiveness thus far despite NCO's good faith efforts and the Court's interventions in the discovery process indicates that further sanctions other than dismissal will not be effective.  *See Anderson*, 155 F.3d at 505; *Middlebrooks*, 2009 WL 2514111, at *3.

In sum, Plaintiff has exhibited contumacious behavior toward the Defendant and the Court, warranting dismissal.  *See* Fed. R. Civ. P. 37(b), 37(d) & 41(b).  Johnson failed to respond to NCO's discovery request and this Court's November 2, 2015, Letter Order and failed to explain why she has not responded.  Instead, she served additional document requests on NCO and has filed a motion for clerk's entry of default against another Defendant.  Johnson's noncompliance prejudiced NCO by withholding information such that it could not build its defense, disrupted the judicial process, and must be deterred.  Her noncompliance also has caused delay to NCO.  Moreover, her failure to comply with a Court order and failure to respond to NCO's filings demonstrates that no measure other than dismissal would be effective and enable this case to proceed forward to its resolution on the merits.  Further, this Court warned Johnson explicitly in its November 2, 2015, Letter Order that dismissal was a possible sanction for her actions or, more accurately, inaction.  *See Green*, 188 F.R.D. at 424; *Sadler*, 178 F.R.D.

at 60.   Therefore, dismissal of Johnson's case against NCO with prejudice is appropriate. Accordingly, NCO's motion for sanctions IS GRANTED and Johnson's case against NCO IS DISMISSED with prejudice.

### B.  Attorneys' Fees and Costs

NCO has also requested that I "award NCO reimbursement for its fees and costs in bringing this Motion as a sanction for [Johnson's] non-compliance . . . ."  Def.'s Mot. ¶ 22.  If a party fails to comply with a court order, Fed. R. Civ. P. 37(b)(2)(C) provides that, instead of or in addition to taking action such as dismissing the case, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure."  However, Rule 37 provides for two exceptions where an award of fees is not mandatory: (1) if "the failure was substantially justified" or (2) if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).  A party satisfies the "substantially justified" standard "if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think [that the failure to produce discovery is] correct, that is, if it has a reasonable basis in law and fact.'"  *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 Fed. App'x 586, 599 (4th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  "Courts have concluded that 'substantial justification' could include making meritorious objections to requested discovery, or even engaging in a legitimate dispute over the sequence of discovery." *Kemp v. Harris*, 263 F.R.D. 293, 296–97 (D. Md. 2009) (citations omitted).  As noted, Johnson does not provide any justification, let alone substantial, for her failure to comply with this Court's discovery orders and the November 2, 2015, Letter Order to respond to NCO's discovery requests.  However, given that Johnson is acting *pro se*, I have determined that ordering her to pay NCO's attorneys' fees and costs

associated with its motion—in addition to dismissing her claims against it—would produce an unjust result.  Thus, NCO's request for attorneys' fees and costs IS DENIED.

## **ORDER**

Accordingly, it is this 10th day of December, 2015, hereby ORDERED that Defendant's motion for sanctions, ECF No. 40, IS GRANTED IN PART and DENIED IN PART. Defendant's motion for sanctions with respect to dismissal IS GRANTED, and the Clerk SHALL DISMISS with prejudice all of Plaintiff's claims against Defendant NCO.  Defendant's motion for sanctions with respect to attorneys' fees IS DENIED.

So ordered.

_____/S/_____
Paul W. Grimm
United States District Judge

dpb