IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

TYNETTA D. JOHNSON,

    Plaintiff,

v.                                                  Case No.: PWG-15-1486

DIVERSIFIED CONSULTANTS, INC.,
et al.,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINON AND ORDER

This Memorandum Opinion addresses the motion for sanctions filed on February 10, 2016, by Defendant Diversified Consultants, Inc., ("Diversified") against Plaintiff Tynetta Johnson for failure to comply with a discovery order. Def.'s Mot., ECF No. 56. Johnson had until February 29, 2016, to file an opposition to Diversified's motion. *See* Loc. R. 105.2(a). She has not done so. A hearing is unnecessary. *See* Loc. R. 105.6. For the reasons stated herein, Defendant's motion for sanctions IS GRANTED.

### I.    BACKGROUND

Diversified states that it served interrogatories and requests for document production on Johnson by e-mail and U.S. mail on October 12, 2015. *See* Def.'s Disc. Req., Def.'s Mot., Ex. 1, ECF No. 56-1. Under Fed. R. Civ. P. 33(b)(2) and 34(b)(2) as well as my Discovery Order, ECF No. 8-1, Johnson had thirty days to respond. Diversified sent Johnson a letter on December 1, 2015, in a "good faith attempt to resolve a discovery dispute," stating that Johnson had not responded to its discovery requests. *See* Def.'s Letter, Def.'s Mot., Ex. 2, ECF No. 56-2.

Diversified filed a letter on December 28, 2015, asking for a pre-motion conference to request permission to file a motion to compel Johnson to respond to its discovery requests. *See* ECF No. 44. I scheduled a pre-motion telephone conference for January 14, 2016. ECF No. 45. Johnson did not participate in the conference call, stating "that she was aware of the call but had misplaced it on her schedule and was unable to participate." January 15, 2016, Letter Order, ECF No. 53. In this letter order, I ordered that

> I will treat [Diversified]'s and Experian's letters, ECFs No. 44 & 46, respectively, as motions to compel, which will be granted. Plaintiff is ordered to provide full and complete responses to all outstanding and overdue discovery requests from Defendants [Diversified] and Experian by no later than February 5, 2016. Plaintiff is advised that pursuant to Fed. R. Civ. P. 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Should Johnson fail to provide forthright and complete responses to [Diversified]'s and Experian's discovery requests, Defendants [Diversified] and Experian will be permitted to file motions for sanctions without seeking further permission from this Court. Sanctions may include case dispositive sanctions, including dismissal with prejudice pursuant to Fed. R. Civ. P. 37(b).

*Id.* Diversified states, and Johnson has failed to contest, that she has not responded to Diversified's discovery requests. *See* Def.'s Mot. 2.

## II. DISCUSSION

### A. Dismissal

District courts have the authority to dismiss cases under Fed. R. Civ. P. 37(b)(2)(A) when a party fails to comply with a discovery order, as well as under Fed. R. Civ. P. 37(d) and 41(b) as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991). Rule 37(b) provides that the court may "dismiss[] the action or proceeding in whole or in part" if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). Likewise, Rule 37(d)

provides that the Court may order sanctions, including dismissal, if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3). Further, Fed. R. Civ. P. 41(b) provides that the court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order."

However, "[d]ismissal with prejudice is ordinarily reserved for the most egregious cases." *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998) (citing *Dove v. Codesco*, 569 F.2d 807, 810 (4th Cir. 1978), in which the Court stated that dismissal with prejudice under Rule 41(b) was only for "clear record of delay or contumacious conduct by the plaintiff"). Indeed, "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). To that end, before ordering dismissal under Rule 37(b) or (d), the court applies a four-factor test: "'(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective.'" *Bethesda Softworks LLC v. Interplay Entm't Corp.*, No. DKC-09-2357, 2011 WL 1559308, at *2 (D. Md. Apr. 25, 2011) (quoting *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001)); *see Mut. Fed. Sav & Loan Ass'n*, 872 F.2d at 92.

Prior to dismissal under Rule 41(b), the court must consider four similar factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4)

the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Review*, 916 F.2d 171, 174 (4th Cir. 1990). "[T]he Court will combine the two tests in determining if dismissal is appropriate under Rules 37(d) and 41(b)" because the legal standards for dismissal under both rules are "'virtually the same.'" *Taylor v. Fresh Fields Markets, Inc.*, No. 94-0055-C, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996) (quoting *Carter v. Univ. of W. Va. Sys.*, 23 F.3d 400, 1994 WL 192031, at *2 (4th Cir. 1994)); *see, e.g.*, *Tabor v. E.J. Patterson, Inc.*, No. Civ. A. 98-2438, 1999 WL 52144 (E.D. La. Jan. 28, 1999) (analyzing facts under Fed. R. Civ. P. Rules 37(d) and 41(b) together and dismissing without prejudice *pro se* plaintiff's claims where plaintiff twice failed to appear for his scheduled deposition). The Court also considers whether the party facing dismissal or a default judgment is aware of these possible sanctions. *See Green v. Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C. 1998) (dismissing case with prejudice and noting that the plaintiff had "already been explicitly warned that her continued failure to provide discovery could lead to such a sanction"); *Sadler*, 178 F.R.D. at 59-60 (noting that "district courts must precede dismissal with an 'explicit and clear' threat to a party that failure to meet certain conditions could result in dismissal of the party's case with prejudice").

Here, with regard to the first factor under both tests, Johnson's bad faith or personal responsibility, she failed to provide any responses to Diversified's discovery requests or to justify her failure to respond even after being ordered by this Court and warned that dismissal of her case against Diversified could result. *See* January 15, 2016, Letter Order. "Failure to respond to interrogatories can merit dismissal or default." *Green*, 188 F.R.D. at 424 (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976), and *Daye v. Gen. Motors Corp.*, 172 F.R.D. 173, 179 (M.D.N.C. 1997)). Moreover, noncompliance with discovery orders supports a finding of bad faith. *Id.* In *Green*, the plaintiff demonstrated bad faith when she

failed to comply with a magistrate judge's "order directing her to respond to [the defendant's] interrogatories and requests for documents." *Id.* Similarly, Johnson has demonstrated her bad faith by failing to comply with the January 15, 2016, Letter Order compelling the same. Moreover, Johnson has failed to respond in any way to Diversified's motion for sanctions. Plaintiff's conduct in this case demonstrates a "pattern of indifference and disrespect to the authority of the court," *Mut. Fed. Sav & Loan Ass'n*, 872 F.2d at 93, and supports the conclusion that she acted in bad faith.

As noted, the second factor is the prejudice caused Defendant, for which I must consider whether the evidence withheld is material. *Id.* Considering that "[t]he purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available," *Middlebrooks v. Sebelius*, Civ. No. PJM 04-2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009), Diversified has suffered significant prejudice as a result of Johnson's continued noncompliance with discovery requests. The evidence sought by Diversified's discovery request goes to the heart of her claim, and it cannot be disputed that her failure to answer to any of Diversified's discovery requests precludes Diversified from preparing a defense. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 505 (4th Cir. 1998). Diversified first requested discovery on or about October 12, 2015. *See* Def.'s Disc. Req. Diversified made subsequent attempts to secure this discovery from Johnson. *See* Def.'s Letter. She ignored a specific Court Order to provide "forthright and complete" responses to Diversified's discovery requests. *See* January 15, 2016, Letter Order. Thus, Defendant suffered additional prejudice in the form of added expenses, aggravation, and delay.

With regard to the third factor—Plaintiff's history of dilatoriness or noncompliance and the need to deter such behavior—Johnson has failed to comply with the rules of procedure and Court orders regarding discovery in this case, and she has not indicated a likelihood of responding to future discovery requests. Johnson's failure to respond to discovery requests has already resulted in the dismissal of her case against Defendant NCO Financial Systems, Inc. *See* ECF No. 42. Conduct such as "stalling and ignoring direct orders of the court ... must obviously be deterred." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93. Deterring egregious acts of noncompliance should prevent future litigants from "flout[ing] other discovery orders of other District Courts." *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976). Johnson's failure to respond to Diversified's discovery requests combined with her subsequent willful disregard of a Court Order undermines this Court's ability to manage this case effectively and fairly.

As for the last factor, the effectiveness of lesser sanctions than dismissal, Johnson's unresponsiveness thus far despite Diversified's good faith efforts and the Court's interventions in the discovery process indicates that further sanctions other than dismissal will not be effective. *See Anderson*, 155 F.3d at 505; *Middlebrooks*, 2009 WL 2514111, at *3.

In sum, Plaintiff has exhibited contumacious behavior toward the Defendant and the Court, warranting dismissal. *See* Fed. R. Civ. P. 37(b), 37(d) & 41(b). Johnson failed to respond to Diversified's discovery request and this Court's January 15, 2016, Letter Order and failed to explain why she has not responded. Johnson's noncompliance prejudiced Diversified by withholding information such that it could not build its defense, disrupted the judicial process, and must be deterred. Her noncompliance also has caused delay to Diversified. Moreover, her failure to comply with a Court Order and failure to respond to Diversifed's filings demonstrates

that no measure other than dismissal would be effective and enable this case to proceed forward to its resolution on the merits. Further, this Court warned Johnson explicitly in its January 15, 2016, Letter Order that dismissal was a possible sanction for her actions or, more accurately, inaction. *See Green*, 188 F.R.D. at 424; *Sadler*, 178 F.R.D. at 60. Therefore, dismissal of Johnson's case against Diversified with prejudice is appropriate. Accordingly, Diversified's motion for sanctions IS GRANTED, and Johnson's case against Diversified IS DISMISSED with prejudice.

## ORDER

Accordingly, it is this 12th day of April, 2016, hereby ORDERED that Defendant's motion for sanctions, ECF No. 56, IS GRANTED. The Clerk SHALL DISMISS with prejudice all of Plaintiff's claims against Defendant Diversified.

So ordered.

/S/
Paul W. Grimm
United States District Judge

dpb